IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**EDGARDO ESTERAS-DIAZ,**
        **Petitioner,**

v.                                               **Civil Action No. 3:19-CV-63**
                                                            **(GROH)**

**WARDEN,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On April 26, 2019, Petitioner, then an inmate at Hazelton Federal Correctional Institution ("FCI"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

### II.   PROCEDURAL HISTORY

#### A.   Petitioners' Conviction and Sentence[2]

On December 2, 2014, in the Northern District of Ohio, Youngstown Division, Petitioner was charged in a multi-count Indictment with various drug trafficking crimes.

---

[1] ECF Numbers cited herein refer to Case No. 3:19-CV-63, unless otherwise noted.

[2] The facts are taken from Petitioner's criminal case, docket number 4:14-CR-425-10 in the Northern District of Ohio, Youngstown Division, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., II.B., and II.C. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn.

ECF No. 1. On April 10, 2018, Petitioner entered a guilty plea to the Indictment pursuant to a written plea agreement. ECF No. 345. Petitioner was sentenced on September 6, 2018, to a total term of 12 months as to Count 1 of the indictment to run consecutively to the 15-month term of imprisonment imposed for a supervised release violation in 4:11-CR-276-12. ECF No. 357. A review of the Inmate Locator page of the Federal Bureau of Prisons' ("BOP") website[3] shows that was released from BOP custody on January 10, 2020.[4]

### B. Petitioner's Direct Appeal

A review of the docket and PACER reveals that Petitioner did not file an appeal.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief

A review of the docket and PACER reveals that Petitioner did not file a Motion to Vacate.

### D. Instant Petition for relief Under § 2241

The instant petition for relief was filed by Petitioner on April 26, 2019. ECF No. 1. Therein, Petitioner asserted that he was wrongfully denied placement in a residential re-entry halfway house, and that his counsel in his underlying criminal conviction was ineffective in failing to file an appeal.

---

Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

[4] The Court notes that pursuant to Rule 6 of the Federal Rules of Prisoner Litigation Procedure, the Petitioner has an obligation to, "notify the Clerk of the Court of an address change," and that failure to do so will result in dismissal."

### III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV.  ANALYSIS

The Petitioner, federal inmate number 57268-060, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service[5], Petitioner was released from custody on January 10, 2020.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the

---

[5] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as Hazelton FCI, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date. The Clerk is further directed to

provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 13, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE